UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ARGON,<br><br>            Petitioner,<br><br>     v.<br><br>CDCR, et al.,<br><br>            Respondents. | No. 2:16-cv-2826 WBS AC P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

I.     Application to Proceed In Forma Pauperis

Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee. See 28 U.S.C. §§ 1914(a); 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned will recommend summary dismissal of the petition.

II.    Petitioner's Allegations

Petitioner challenges a July 2015 decision by the Board of Parole Hearings (Board), denying him parole. ECF No. 1 at 1. He asserts that his due process rights were violated when the Board failed to make an impartial decision because he had filed a 602 appeal. Id. at 5. Petitioner also contends that the Board erred in finding he had insufficient credibility, did not

have an appropriate attitude towards the crime, had instances of serious institutional misconduct, and had insufficient institutional programming. Id. at 7-12.

III.   Discussion

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." As set forth below, the petition fails to state a cognizable claim for relief and will be dismissed.

The United States Supreme Court in 2011 overruled a line of Ninth Circuit precedent that had supported habeas review of parole denials in California cases. Swarthout v. Cooke, 562 U.S. 216, 219 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. Id. Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. Id. at 219-20. The protection afforded by the federal Due Process Clause to California parole decisions consists solely of the "minimum" procedural requirements set forth in Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1 (1979). Cooke, 562 U.S. at 220. Specifically, that petitioner was provided with "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Id. (citing Greenholtz, 442 U.S. at 16).

The transcript attached to the petition make clear that petitioner was present at the hearing, represented by counsel, afforded an interpreter, and provided a statement of the reasons parole was denied. ECF No. 1 at 58-185. "[T]he beginning and the end of the federal habeas courts' inquiry" is whether petitioner received "the minimum procedures adequate for due-process protection." Cooke, 562 U.S. at 220. The Ninth Circuit has acknowledged that after Cooke, substantive challenges to parole decisions are not cognizable in habeas. Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011). Petitioner received all the process he was due and his challenge to the denial of parole is therefore not cognizable.

Petitioner has also filed a letter in which he appears to make allegations that correctional

2

officers are retaliating against him for filing this petition and he requests unspecified relief. ECF No. 3. Petitioner is advised that claims concerning the conditions of his confinement and violations of his constitutional rights are properly raised in a civil rights complaint filed pursuant to 42 U.S.C. § 1983, which provides a remedy for violations of civil rights by state actors. Therefore, petitioner must bring these claims in a civil rights action after the inmate grievance process has been properly exhausted.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's request for unspecified relief (ECF No. 3) is denied.

2. The Clerk of the Court is directed to send petitioner a copy of the prisoner complaint form used in this district.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed.

2. No certificate of appealability shall issue.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: December 14, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE