UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ARGON, | No. 2:16-cv-2826 WBS AC P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| CDCR, et al., | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

On December 15, 2016, the undersigned filed findings and recommendations recommending the dismissal of the petition. ECF No. 6. Petitioner has filed objections to the findings and recommendations. ECF No. 7. In light of petitioner's objections, the December 15, 2016 order and findings and recommendations will be vacated and the undersigned issues the following amended order and findings and recommendations.

I.     Application to Proceed In Forma Pauperis

Petitioner has not filed an in forma pauperis affidavit or paid the required filing fee. See 28 U.S.C. §§ 1914(a); 1915(a). However, the court will not assess a filing fee at this time. Instead, the undersigned will recommend summary dismissal of the petition.

1

II. <u>Petitioner's Allegations</u>

Petitioner challenges a July 2015 decision by the Board of Parole Hearings (Board), denying him parole. ECF No. 1 at 1. He asserts that his due process rights were violated when the Board failed to make an impartial decision because he had filed a 602 appeal. <u>Id.</u> at 5. Petitioner also contends that the Board erred in finding he had insufficient credibility, did not have an appropriate attitude towards the crime, had instances of serious institutional misconduct, and had insufficient institutional programming. <u>Id.</u> at 7-12.

III. <u>Discussion</u>

Rule 4 of the Habeas Rules requires the court to summarily dismiss a habeas petition "[i]f it plainly appears from the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." As set forth below, the petition fails to state a cognizable claim for relief and will be dismissed.

The United States Supreme Court in 2011 overruled a line of Ninth Circuit precedent that had supported habeas review of parole denials in California cases. <u>Swarthout v. Cooke</u>, 562 U.S. 216, 219 (2011). The Supreme Court held that federal habeas jurisdiction does not extend to review of the evidentiary basis for state parole decisions. <u>Id.</u> Because habeas relief is not available for errors of state law, and because the Due Process Clause does not require correct application of California's "some evidence" standard for denial of parole, federal courts may not intervene in parole decisions as long as minimum procedural protections are provided. <u>Id.</u> at 219-20. The protection afforded by the federal Due Process Clause to California parole decisions consists solely of the "minimum" procedural requirements set forth in <u>Greenholtz v. Inmates of Neb. Penal & Corr. Complex</u>, 442 U.S. 1 (1979). <u>Cooke</u>, 562 U.S. at 220. Specifically, that petitioner was provided with "an opportunity to be heard and . . . a statement of the reasons why parole was denied." <u>Id.</u> (citing <u>Greenholtz</u>, 442 U.S. at 16).

The transcript attached to the petition make clear that petitioner was present at the hearing, represented by counsel, afforded an interpreter, and provided a statement of the reasons parole was denied. ECF No. 1 at 58-185. "[T]he beginning and the end of the federal habeas courts' inquiry" is whether petitioner received "the minimum procedures adequate for due-process

2

1    protection." Cooke, 562 U.S. at 220.  The Ninth Circuit has acknowledged that after Cooke,

2    substantive challenges to parole decisions are not cognizable in habeas. Roberts v. Hartley, 640

3    F.3d 1042, 1046 (9th Cir. 2011).  Petitioner received all the process he was due and his challenge

4    to the denial of parole is therefore not cognizable.

5          Petitioner also alleges that he was denied impartial decision-makers and was subject to

6    retaliation.  ECF No. 1 at 5; ECF No. 7 at 2.  Specifically, he alleges that he was denied parole

7    because he filed a grievance against officers who were sexually harassing him.  ECF No. 7 at 2.

8    Petitioner does have a due process right to parole consideration by neutral, impartial decision-

9    makers.  See Schweiker v. McClure, 456 U.S. 188, 195 (1982) ("[D]ue process demands

10   impartiality on the part of those who function in judicial or quasi-judicial capacities.");

11   O'Bremski v. Maas, 915 F.2d 418, 422 (9th Cir. 1990) (an inmate is "entitled to have his release

12   date considered by a parole board that [is] free from bias or prejudice").  However, petitioner's

13   claims of bias and retaliation are conclusory and are not supported by the record.  See Jones v.

14   Gomez, 66 F.3d 199, 204-05 (9th Cir.1995) ("[c]onclusory allegations which are not supported by

15   a statement of specific facts do not warrant habeas relief." (alteration in original)).

16         Petitioner relies up on the transcript of his Board hearing, but the record contains no

17   evidence to support an inference that the Board was motivated by bias or a desire to retaliate

18   against petitioner.  Instead, the transcript demonstrates that the Board considered a number of

19   factors when deciding to find petitioner ineligible for parole.  ECF No. 1 at 174, 176-85.

20   Moreover, with respect to petitioner's grievance, the record reflects that the Board's concern was

21   not with the fact that he had filed a grievance per se, but rather that the grievance highlighted

22   petitioner's ongoing issues with anger management.  Id. at 179 (122:1-16).  The Board's concern

23   stemmed from the fact that petitioner filed a grievance that admittedly had no basis in fact as it

24   related to his previous parole denial and was otherwise pure speculation.[1]  Id.  The Board also

---

[1] During the hearing, petitioner was questioned about a grievance in which he requested an internal affairs investigation of his 2014 parole denial based on allegations that he was denied parole because an officer planted confidential information in his Central File. ECF No. 1 at 133 (76:14-25), 137-41 (80:16-84:7). While discussing the grievance, petitioner admitted that in denying him parole at his 2014 hearing, the Board did not consider any confidential information. Id. at 138-39 (81:21-82:19).

expressed concern that petitioner's fixation on speculative confidential information, when his previous denial was not based on confidential information, indicated that he was concerned or feeling guilty about something he did that was not in the non-confidential information being considered by the Board. Id. at 179-80 (122:22-123:15). Because petitioner's allegations of an unfair tribunal are inadequate and are contradicted by the record, they fail to support relief.

Petitioner has also filed a letter in which he appears to make allegations that correctional officers are retaliating against him for filing this petition and he requests unspecified relief. ECF No. 3. Petitioner is advised that claims concerning the conditions of his confinement and violations of his constitutional rights are properly raised in a civil rights complaint filed pursuant to 42 U.S.C. § 1983, which provides a remedy for violations of civil rights by state actors. Therefore, petitioner must bring these claims in a civil rights action after the inmate grievance process has been properly exhausted.

Accordingly, IT IS HEREBY ORDERED that:

1. The December 15, 2016 order and findings and recommendations (ECF No. 6) are vacated.

2. Petitioner's request for unspecified relief (ECF No. 3) is denied.

3. The Clerk of the Court is directed to send petitioner a copy of the prisoner complaint form used in this district.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be dismissed.

2. No certificate of appealability shall issue.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections

////

////

1 within the specified time may waive the right to appeal the District Court's order.  Martinez v.
2 Ylst, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: January 4, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE